### WILLIAMS ET AL. *v.* SMITH.

[No. 23,709.    Filed May 11, 1921.]

CONSTITUTIONAL LAW.—*Statute Authorizing Operation on Prisoner.*—*Constitutionality.*—*Due Process of Law.*—Section 2232 Burns 1914, Acts 1907 p. 377, authorizing the board of managers of institutions intrusted with the care of confirmed criminals and defectives and a committee of experts to perform an operation of vasectomy on an inmate, in cases pronounced unimproveable, to prevent procreation, but giving the inmate no opportunity for a hearing or to cross-examine the experts who decided upon the operation, or to establish that he was not within the class designated in the statute, is unconstitutional as denying due process of law in violation of Constitution U. S., 14th Amendment.

From Clark Circuit Court; *James W. Fortune,* Judge.

Action by Warren Wallace Smith, by Lincoln E. Lankford, his next friend, against Charles F. Williams and others. From a judgment for plaintiff, the defendants appeal. *Affirmed.*

*Ele Stansbury,* Attorney-General, and *Edward M. White,* for appellants.

*Wilmer T. Fox,* for appellee.

TOWNSEND, J.—Appellants were enjoined from performing vasectomy on appellee, who is a prisoner in the Indiana Reformatory.

The chief physician, board of managers and two chosen surgeons were proposing to act pursuant to the following: "That on and after the passage of this act it shall be compulsory for each and every institution in the state, entrusted with the care of confirmed crim-

inals, idiots, rapists and imbeciles, to appoint upon its staff, in addition to the regular institutional physician, two (2) skilled surgeons of recognized ability, whose duty it shall be, in conjunction with the chief physician of the institution, to examine the mental and physical condition of such inmates as are recommended by the institutional physician and board of managers. If, in the judgment of this committee of experts and the board of managers, procreation is inadvisable and there is no probability of improvement of the mental condition of the inmate, it shall be lawful for the surgeons to perform such operation for the prevention of procreation as shall be decided safest and most effective. But this operation shall not be performed except in cases that have been pronounced unimproveable: Provided, That in no case shall the consultation fee be more than three ($3.00) dollars to each expert, to be paid out of the funds appropriated for the maintenance of such institution." Acts 1907 p. 377, §2232 Burns 1914.

In *Davis* v. *Berry* (1914), (District Court, S. D.), 216 Fed. 413, in passing on an Iowa statute similar to the one here in question, on page 418 the court uses this language: "The hearing is by an administrative board or officer. There is no actual hearing. There is no evidence. The proceedings are private. The public does not know what is being done until it is done. Witnesses are not produced, or, if produced, they are not cross-examined. * * * The prisoner is not advised of the proceedings until ordered to submit to the operation. * * * Due process of law means that every person must have his day in court, and this is as old as Magna Charta; that some time in the proceedings he must be confronted by his accuser and given a public hearing."

In the instant case the prisoner has no opportunity to cross-examine the experts who decide that this operation should be performed upon him. He has no chance

to bring experts to show that it should not be performed; nor has he a chance to controvert the scientific question that he is of a class designated in the statute. And wholly aside from the proposition of cruel and unusual punishment, and infliction of pains and penalties by the legislative body through an administrative board, it is very plain that this act is in violation of the fourteenth amendment to the federal Constitution in that it denies appellee due process.

The case of *Davis* v. *Berry, supra,* is interesting in its discussion of questions other than due process. It also cites the adjudicated cases in other states on similar statutes.

The trial court was correct in enjoining appellants from performing, or causing to be performed, the operation of vasectomy upon appellee.

Judgment of the trial court is therefore affirmed.